IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEROME HOPES, #24591-179,** | ) | |
|       Petitioner, | ) | |
| | ) | |
| v. | ) | 3:05-CV-2424-G |
| | ) | ECF |
| **WARDEN JOSLIN,** | ) | |
|       Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* habeas corpus action brought by a federal inmate pursuant to 28 U.S.C. § 2241, *et seq*.

Parties: Petitioner is presently confined at FCI Seagoville in Seagoville, Texas. Respondent is the Warden of FCI Seagoville. The Court issued process in this case.

Statement of Case: On September 27, 1993, Petitioner was convicted in a Texas state court of delivery of a controlled substance, and was sentenced to twenty-one years imprisonment. State v. Hopes, No. 11407 (329th District Court, Wharton County, Texas). On July 21, 2003, while on parole in No. 11407, Petitioner was arrested by state authorities for delivery of a controlled substance and violating the conditions of his parole. He was subsequently transferred to the custody of the United States Marshal Service (USMS) on the

basis of a writ of habeas corpus ad prosequendum (see Attachments to Respondent's Reply to Petitioner's Response to Motion to Dismiss filed on March 3, 2006), for the federal offense of knowingly and intentionally distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).  United States v. Hopes, 6:03-CR-0057(01) (S.D. Tex., Victoria Div., filed on Aug. 21, 2003).  On May 3, 2004, the federal court sentenced Petitioner to 57-month imprisonment and a three-year term of supervised release.  (Respondent's Exh. B).  The federal court's sentencing order did not specify whether the federal sentence would be served concurrently with or consecutively to the remaining portion of the state sentence.  (Id.).  The USMS then returned Petitioner to state custody, where, following the revocation of his parole on May 26, 2004, he served the remainder of his 21 year state sentence.  On March 7, 2005, state authorities released Petitioner to the custody of the USMS to begin serving his federal sentence.  (Respondent's Exh. C).

In this action, Petitioner contends the Bureau of Prison (BOP) has improperly determined that his federal sentence runs consecutively to his state sentence.  He argues that the BOP "has declined to grant the Petitioner jail time credit or Nunc Pro Tunc designation to allow his state and federal sentence to run concurrent."  (Pet., typewritten attachment at 2).[1]

In response to the Court's order to show cause, Respondent filed a motion to dismiss,

---

[1]     Petitioner correctly filed this action in the district where he is presently confined.  To entertain a habeas corpus petition pursuant to § 2241, this Court must have jurisdiction over the prisoner or his custodian upon filing of the petition.  United States v. Gabor, 905 F.2d 76, 77 (5th Cir. 1990); Blau v. United States, 566 F.2d 526, 527-28 (5th Cir. 1978) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123 (1973)).
      Petitioner also exhausted his administrative remedies prior to filing this action.  (See Attachments to Respondent's Reply to Petitioner's Response to Motion to Dismiss filed on March 3, 2006).

alternatively, motion for summary judgment.  Petitioner filed a reply.

Findings and Conclusions:  Petitioner's contention that his federal sentence should run concurrent to his state sentence is without merit.  18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."   In Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003), the Fifth Circuit Court of Appeals interpreted § 3584(a) under a similar factual scenario.  In November 1996, the State of Texas convicted Free of cocaine delivery and sentenced him to eight years imprisonment.  Id. at 551.  He was thereafter transferred to federal court on a writ of habeas corpus *ad prosequendum*.  Id.  In June 1997, he was sentenced following a guilty plea to 100 months imprisonment, followed by a five-year term of supervised release.  Id.  The district court's sentencing order did not specify whether Free's federal sentence would be served concurrently with or consecutively to his state sentence.  Id.  Relying on 18 U.S.C. § 3584(a), the Fifth Circuit held *inter alia* that "when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently."  Id. at 553.  See also U.S. v. Hernandez, 234 F.3d 252, 256-57 (5th Cir. 2000) (holding that trial court was not required to warn defendant prior to accepting his guilty plea that his federal term of imprisonment would run consecutive to his anticipated state sentence, since court had discretion under § 3584(a) to order federal term to run either concurrently or consecutively to anticipated state sentence under statute permitting federal terms of imprisonment to run concurrently or consecutively if multiple terms of imprisonment were imposed or if term of imprisonment was imposed on defendant who was already subject to undischarged term).

3

In this case, as in Free, the federal sentencing court did not specify whether the federal sentence would run concurrently or consecutively to the remaining portion of Petitioner's state sentence. Accordingly, Petitioner's federal sentence and the undischarged portion of his state sentence ran consecutively.

Petitioner argues that his parole had not been revoked as of the time he was sentenced in federal court. He, thus, implies that his case is distinguishable from Free and that the presumption under § 3584(a) is inapplicable. Petitioner's argument is meritless. While his parole had not been revoked, Petitioner's parole officer had filed a parole violation report, and he was waiting for disposition of the federal offense before proceeding with revocation. (Presentence Investigation Report (PSR) ¶ 27). Thus, there was no question that Petitioner had an undischarged term of imprisonment on his previously imposed state sentence, and that he would have to be returned to state custody to face a parole revocation hearing. Under Texas law, if a prisoner's parole is revoked, he may be returned to state custody to serve the remaining portion of the sentence on which the person was released. See Tex. Gov't Code § 508.283(b).

Petitioner relies on United States v. Fuentes, 107 F.3d 1515 (11th Cir. 1997) (a direct criminal appeal), to argue "that if the government uses a state sentence to enhance or increase punishment, the federal sentence must run concurrently to the state sentence." (Pet., attachment at 2). Fuentes applied United States Sentencing Guidelines (USSG) § 5G1.3, which provides that if "the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." The PSR reflects that Petitioner's state conviction was used in calculating his

4

criminal history score, but not in determining his base offense level. (PSR ¶ 29, Respondent's Exh. D, under seal). Accordingly, § 5G1.3(b) is inapplicable. See United States v. Hornsby 88 F.3d 336, 339-340 (5th Cir. 1996) (holding that defendant, who was on parole from state conviction when he committed crime of interstate domestic violence, properly had his sentence imposed consecutively to state sentence; U.S.S.G. § 5G1.3(b) was inapplicable, and commentary to Guideline governing consecutive sentencing specifically stated that sentence should run consecutively when defendant committed offense while on parole and had such parole revoked as result of offense).

In Hornsby, the Fifth Circuit also rejected the prisoner's conclusory contention that "due process forbids a consecutive sentence because his state parole had not been revoked at the time of the commission of the . . . [federal] offense and entry of his plea." Id. at 340. The Circuit noted that the prisoner has neither explained how his due process rights had been violated, nor supported his contention with legal citations or other authority. Id. Accordingly, insofar as Petitioner seeks to raise a due process argument in this case, his claim should be rejected.

Next Petitioner contends that the BOP erred in refusing to designate, *nunc pro tunc*, the state prison as the first place of confinement for his federal sentence, based on 18 U.S.C. § 3584(a)-(b). He relies on Barden v. Keohane, 921 F.2d 476, 483 (3rd Cir. 1990), which held that the BOP has the statutory authority to designate a state prison as the place of federal confinement for purposes of determining whether a prisoner is entitled to credit against a federal sentence, where the federal sentence is imposed before the state sentence and the state judge clearly intends that the state and federal sentences be served concurrently.

Petitioner's federal sentence provides no evidence that the sentencing district court

intended that it be served concurrently with the remaining portion of his state sentence. The presentence investigation report (PSR) identified state cause number 11407, and noted that at the time of the federal offense, Petitioner was on parole in No. 11407. (PSR ¶ 27). The PSR further noted that Petitioner's parole officer had filed a violation report, but that he would wait to proceed with a revocation until after disposition of the federal offense. (Id.). In light of the above, the Court concludes that the sentencing court was aware of Petitioner's pending state parole revocation proceedings, and that its silence establishes that it did not intend for the federal sentence to run concurrent with the remaining portion of his state sentence. Accordingly, the BOP did not abuse its discretion in denying Petitioner's request for a *nunc pro tunc* designation. See Rodriguez v. Pitzer, 76 Fed. App. 519, 520 (5th Cir. Aug. 7, 2003) (holding that BOP was within its discretion in denying federal prisoner's request for *nunc pro tunc* designation that state prison was his place of confinement for first five years of his federal sentence while Petitioner served remaining portion of state sentence on which parole was revoked after imposition of the federal sentence; and noting that because the PSR identified the pending state charges, the federal sentencing court was aware of the pending state proceedings, and that the BOP fulfilled its obligation under Barden v. Keohane by submitting the prisoner's request for *nunc pro tunc* designation to the sentencing court which, in response submitted nothing to show an intent for the sentences to run concurrently).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 24th day of May, 2006.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.